Our next case is Gesture Technology Partners v. Apple et al., 2023-1463. You're ready when you are, Mr. Carr. Good morning. May it please the Court, Eric Carr on behalf of Gesture Technology. I'd like to start with the three issues that are entitled to a de novo review, and then I'll explain why the board lacks substantial evidence to find unpatentability. For all the claims of the 079 patent, the board improperly construed timing of the light source during the performance of the gesture. The light source must be on for the duration of the gesture performed so the camera can take a picture. So some of these gesture cases were argued on Wednesday of this week, also before a different panel. Yes, Your Honor. To what extent did those cases raise the same issues as we have here today? For example, the constant contention. Is that the same issue in the Wednesday cases as here? Your Honor, it's a completely different issue where there is some overlap that deals with the Numazaki reference. Judge Moore had some comments about the Numazaki reference that overlapped, but as far as this 079 patent, this illumination and how long it occurs, that was never discussed. Okay. How many of these gesture cases are there floating around? There's seven this week for oral argument, and I believe there are two more that may come up from appeals of re-exam. Okay. Are they related? The ones that may come up, do they have any overlapping or similar issues to the ones we had today? No, they deal with the two patents that were on Wednesday. Okay. Well, that doesn't mean that they can't have overlapping issues, even though they're different patents. Correct, Your Honor. I misspoke. Well, you're asking me how to raise a jurisdictional question. Yes, I'm hoping to get to that after the claim construction, if I may. On the face of the patent, the abstract starts with a method for determining a gesture illuminated by a light source, and then column three of the patent states, the light from below, such as provided by the light source, could be used to illuminate the finger that typically looks bright under such illumination. It also notes that the illumination is directed or concentrated in an area where the finger is typically located, such as the work volume 170. If the light is of sufficient spectral content, the natural flesh tone of the finger can be observed and recognized by use of the colored TV cameras. So column three is talking about the finger, which is the gesture, and it's talking about how there needs to be illumination on the gesture. And besides the intrinsic evidence that shows that the illumination needs to occur, there is extrinsic evidence from patent owner's expert, Mr. Ochoa Grosso, that a proceeder would understand that the disclosure to mean the light source illuminates the gesture while the gesture is performed. And that's in appendix 1384. Why isn't sufficient that there's a light source when the picture is being taken? I'm sorry, Your Honor. Why isn't sufficient that there's a light source when the picture is being taken? Because the claim requires the light source to be illuminated. Why? Who cares whether the light source is on when the picture is not being taken? So that the finger that's described in the 079 patent can be seen better. Well, who cares whether it's seen better except when the picture is being taken? That's how the gesture is determined. Claim one is directed to the determination of a gesture, and the light helps facilitate that. So, claim three also, there's a claim construction issue. The final written decision, the board had properly construed the operation of light source again. Dependent three recites in part wherein the light source includes a plurality of white emitting diodes. And that's appendix 44. And there's no reasonable dispute that figure three shows the two LED light sources. And by having the multiple LEDs emit light at the same time, the object, again, the finger, performing the gesture will appear brighter, which increases the accuracy of the gesture recognition. And again, this is supported by extrinsic evidence from Mr. Oshiga. So, where he states, if the CEDA would interpret claim three to require the multiple LEDs of the light source to be active at the same time, and including the additional LEDs in the light source that are not used for illumination would be impractical, because doing so would only increase circuit complexity and the cost of the light source with no additional benefit. If you wanted to claim light sources that were constantly illuminated, why didn't you put that word in the claim? It's all throughout the spec. That's not answering my question. I mean, this is not normally the way we do claim construction. Unless you have some specific lexicography or something like that, just because the embodiments show that it's constantly illuminated is not enough to confine very broad language in the claims. I don't see anything in those claims, either in the light source ones or the plurality ones, that say they have to be constantly on. They're not constantly on. The word illuminated at the end of claim one, Your Honors, the state is modifying gesture performed, which is earlier in the claim recitation, and it's discussing when the camera is being used. So, the only straightforward interpretation of claim one would be that the illumination occurs when the gesture is performed, and that's when the camera is taking pictures to determine the gesture. It doesn't have to be on when the gesture is being performed. It only has to be on when the gesture is being photographed. Correct, Your Honor. That's correct.  And if I can move to the last issue on the NOVA review. We're challenging the Patent Office subject matter jurisdiction because the 7-9 patent expired on November 3rd, 2019, long before the IPR petition was filed on May 18th, 2021. And under oil states, a patent grant is the grant of a public franchise. The Patent Office does not have jurisdiction over a petition for IPR against an expired patent because the public franchise no longer... So, you're still suing on the patent? Yes, Your Honor. So, you're still suing on the patent, and it can't be challenged on the patent? Correct, but it can be challenged in Article III courts. Where did oil states say that? I mean, that makes no sense. The whole point of these IPRs is if somebody gets sued on patent in district court, they can resort to the PTAP to go through the IPR process to question the validity of a patent. They don't care if it's expired or not. They're still getting sued on it. Correct, Your Honor. And our position is they should challenge validity in the Article III courts because after the patent expires, there's no more public franchise that can be brought under oil states. Oil states doesn't explicitly state it, but it does go through the reasoning and logic that we're applying in each of these gesture cases. I mean, the whole point of that is just that it doesn't have to go through a Seventh Amendment trial because it's a public franchise. It doesn't mean that once it's expired, it can't go through the IPR. This argument baffles me. Was this argument before the court in the cases two days ago? It was in the briefing, Your Honor, but nobody discussed it during oral argument. But it is at issue. It is at issue and it's preserved. And I'd just like to note in the Cascades Projection case, this court stated the administrative state expands. As the administrative state expands and non-Article III tribunals adjudicate more disputes under the cover of public rights doctrine, there must be vigilance in protecting Article III jurisdiction. Those further support for our reasoning. And then if I may, I'll move on to the substantial evidence argument. The board's finding that independent claims 111 and 21 of the 079 are unpatentable over Numizaki and the knowledge of a faceto not supported by substantial evidence. Knowledge of whom? A faceto person having ordinary skill. It's good to speak English rather than acronyms. Yes, Your Honor. The board found that Numizaki's lighting unit is the claim light source and Numizaki's hand gesture is the claim gesture. But Numizaki expressly teaches that the lighting unit 111 does not emit the light when the second photo detection unit 110 is in a photo detecting state. So the difference between the 079 patent and Numizaki is that 079 patent always has illumination of the gesture whereas Numizaki turns off the light for the portion. And to the extent the board equated Numizaki's photo detection unit to the photo detection sensor unit, that still does not satisfy the requirements of Claim 1 Claim 1 because Numizaki discloses that the first photo detection unit detects the optical image formed on the photo detection plane. Your Honor, until you have a better term, you can continue to say that as you would. One more point, Your Honor. By having the light always on and Numizaki would render Numizaki inoperable, the board lacks substantial evidence to find the obviousness. Thank you. We're going to close your time. Next one. Thank you, Your Honors. Janice Wong for Apple. I'd like to just briefly confirm a couple of concessions I heard from Gesture Technologies Council. So to your questions, Judge Steig, I heard Council confirm that there is no requirement for constant lighting during the performance of the gesture. The context of the patent is the determining of the gesture, and the determining happens, as Your Honor recognizes, through the capturing of images. And there's no requirement of constancy within the plain language of the claims themselves. Beyond that, Judge Hughes, you are correct. There is no word in the claim about duration or timing. It's simply not written in. And of course, Gesture Technologies Council has not argued in the briefs, nor here at argument, anything about the board's analysis about the work comprising, which makes this open-ended, which is another independent basis to affirm on the claim construction issue. We would like to rest in our briefs on the waivery issue, as well as the merits of the substantial evidence analysis, unless Your Honors have questions on that. Do you want to talk about jurisdiction? Sure. So as Your Honors are recognizing, nothing in oral states points to the conclusion that Gesture Technologies Council is drawing from it. Oral states confirms the principle that patents are grants of a public franchise, and as such, the patent office has jurisdiction to review that past grant, especially when the patent owner, as here, is asserting damages against another, i.e. exercising the exclusionary right of that grant to monopoly against another. The damages request in the Article III courts is downstream from the antecedent question of whether they rightfully were granted that public franchise in the first place. So there's nothing within the statutes, within oral states, that would compel the rationale that they're drawing from it. In fact, it points in the opposite direction. And Judge Dyke, in your decision in Sony, you recognize in footnote one that the board had jurisdiction to review the expired patents at issue in that case. We also cited a case, Waysica in our brief, where upon institution, those patents were already expired, and the board had jurisdiction over those patents. So with that, Your Honors, I would respectfully request that the Court affirm. No one loses points by not using up their argument time. Thank you. Mr. Carr has some rebuttal time. Your Honor, with regard to the Sony case, that case is different because the patents in this case expired before the petitions were filed with the Patent Office. I still don't understand why that makes any difference. It seems to me that the logical conclusion of your argument being that there are two categories of patents. Ones that are not expired are public franchises, and ones that are expired are private property rights that have to go through a Seventh Amendment jury trial. But oil states doesn't say anything about that, does it? Correct, Your Honor, oil states does not. We're just supplying. Well, here, I mean, that's not even logical to suggest that there's two different kinds of property rights and patents. It's the same property right. Whether it's expired or not, it's a public franchise. How would it change from a public franchise to not a public franchise just by nature of the expiration of the patent? Because once the patent expires, you can't get money damages under 35 U.S.C. 284. You can, if you file a claim within the statute of limitations. But only for the six years. It's not really answering my question. You're still suggesting that there are two different types of patents in terms of how they're viewed in property rights. Do you have any support for that notion? The right to get damages is a private right. It's not a public right. And in oil states, they discuss public franchises such as toll bridges and all these tangible things where you can still collect, you know, ongoing payment. Once the patent's expired, you're not entitled to the reasonable royalty anymore. And back to the... Once the patent expires, you're not entitled to reasonable royalty? Huh? If the patent expired yesterday, I can't collect damages tomorrow for the same patent. No, but you can collect a reasonable royalty for past acts. Correct, Your Honor. Real quick, back to Numizaki. The gestures only illuminated half the time. One picture while the light's on and one picture when the light's off. And those images are subtracted. So Numizaki does not illuminate the entire time the gestures perform. And lastly, with the claim construction issue, in our gray brief at page 13, we discuss the Axonix case at 75-4, 1374. It basically states when the board adopts a new construction in the final written decision, you know, the respondents need to have reasonable notice of the change in the opportunity to present an argument under the new theory. And in this case, the final written decision, the board adopted a new construction that said the illumination's only on for a part of the time. Thank you, Your Honor. Thank you, counsel. The case is submitted.